IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER OSBORN, #268577 | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. AW-07-2305 |
| CINDY OSBORN | * | |
| Defendant. | * | |

******

## **MEMORANDUM**

Plaintiff, who is confined in a Maryland Division of Correction facility, filed this "Appeal" of a decision of the Court of Appeals of Maryland decision to deny his petition for writ of certiorari.[1] The "Appeal" is accompanied by an indigency application.[2] Because this Court finds no basis to take jurisdiction over the matter, the Complaint shall be summarily dismissed pursuant to Rule 12(h)(3).

Plaintiff seeks to vacate the decisions of the Maryland courts concerning a civil complaint filed against him on April 27, 2001,[3] claiming service of process was not properly effected by Cindy Osborn, who allegedly filed a fraudulent motion for default judgment for Plaintiff's failure to answer. Plaintiff claims that the motion was improperly granted by the state circuit court and his attempts to stay that judgment pending appeal and to successful appeal lower court decisions were unsuccessful.

---

[1] Plaintiff's accompanying letter makes reference to an earlier "appeal" filed in this Court in May of 2007. The court docket fails to reveal such a filing.

[2] Plaintiff states that he is seeking federal decisions on two "Constitutional" issues which relate to (1) determinations of the state court going to service of process and (2) whether the Maryland courts have adopted the federal prison "mailbox rule" set out in *Houston v. Lack*, 487 U.S. 266 (1988).

[3] The civil docket in the Circuit Court for Baltimore County, Maryland indicates that a complaint for absolute divorce was filed against Plaintiff on April 27, 2001. *See Osborn v. Osborn*, Civil No. 03C01004504. In October of 2001, the absolute divorce was granted.

In addition, Plaintiff claims that he filed a complaint for fraud against Cindy Osborn and the state circuit court improperly took consideration of Cindy Osborn's "invalid" answer and granted her motion to dismiss.[4]  Plaintiff complains of "irregularities" in the state circuit court process, including the alleged failure to serve a copy of the final order granting the motion to dismiss.  He further contends that the Court of Special Appeals of Maryland improperly denied his appeal and motion to reopen as untimely and the Court of Appeals of Maryland denied his petition for writ of certiorari without addressing any substantive appellate issues.  Plaintiff asks that this Court order the state courts to reopen his fraud complaint or, in the alternative, declare the absolute divorce judgment invalid, order that Cindy Osborn be permanently barred from filing any further suits against him, and reschedule his fraud complaint for discovery and trial.

As currently pleaded, Plaintiff seeks appellate review in this Court of the orders and judgments of the state circuit and appellate courts, based on his contention that those orders and/or judgments incorrectly ruled on service of process and other issues. This is a court of limited jurisdiction.  It lacks appellate jurisdiction over its state counterpart under the *Rooker-Feldman* doctrine.[5]  *See* 28 U.S.C. § 1257.  Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* shall be granted and the "Appeal" shall be dismissed.

Date: September 11, 2007

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4]  It appears that Plaintiff is referring to the civil case of *Osborn v. Osborn*, 03C02000134, filed in the Circuit Court for Baltimore County in January of 2002.

[5]  The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine") that a United States district court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions.  *See* 28 U.S.C. § 1257(a).